I believe you are still muted and we will start your clock when you are unmuted and we can hear you. Is that working now? We can hear you. Thank you judge. May it please the court. My name is Matt O'Grady and I thank you for allowing me the privilege to present oral argument on behalf of Ms. Mullen and Ms. King and all of the heirs in this case. As I prepared for this oral argument and some of the things that I thought I would like to say to I was working from home a little bit and my wife happened to be home at the time and she much to my amazement she expressed an interest in what I was doing and she asked me what I was working on. That's kind of unusual but all jokes aside she's not a lawyer but she's a doctor and when she asked me and she usually has a pretty good sense about medical legal matters I told her what I was working on. I told her I was getting ready for this oral argument. She said what kind of case? I said it's a medical malpractice case and her next question was well is it a big case and I paused for a minute I said yeah. I said yeah it's a big case but probably not for the reasons that you're thinking. It's a big case for a couple of reasons. First and foremost it's a big case because somebody died at a VA hospital and somebody died at the hands of medical malpractice but another reason it's a big case as I explained to her is because a very high court and as I told her there's only one court higher is going to decide a very important question about whether the case is allowed to proceed in the first instance and whether the heirs and relatives of the veteran who lost her life Ms. Rosemary Ishmael may proceed with their claim or lawsuit for wrongful death. So it's a big case for that reason too and as that led to some further discussion about the facts of the medical malpractice I was asked by her you know it seems like an obvious case did they ever try to settle it and I of course had to answer her no they did not and I told her that they thoroughly reviewed it that the administrative agency thoroughly investigated it and then they said they deny any responsibility for what happened and then shockingly in this court in their brief they take the position that the law does not provide a remedy for every wrong. Go ahead Judge Grass please. Counsel is this a big enough case that we should ask the Missouri Supreme Court how they would construe this statute in light of articles section 14 of the Missouri Constitution? It certainly could be because it deals with the whole category that the class 3 residual beneficiaries under the Missouri wrongful death statute and certainly I think I know how the Missouri Supreme Court or at least if I were to anticipate and advocate for my client in this case our Missouri Supreme Court would be constrained and bound by our Missouri Constitution that says that there shall be. Counsel why didn't you ask us to certify the question that the Missouri Supreme Court if you're confident they would resolve the issue? I'm confident this court will resolve the issue the same way. Where do we start in the federal regs and statute for your argument that this has been administratively exhausted because that's what I hear your response to be is that we don't need to send it to Missouri is that right or we could that'd be one way but here so tell me where I begin. My answer yes judge to answer your question Judge Kelly you could and that was my answer earlier but where you begin here is simply with the quote of federal regulations and section of 14.3c you know the the district court in this case called this case a the heller s catch 22 that's in the district court's opinion. It doesn't have to be and it shouldn't be it's not necessary that it be so the government's position the government's arguments led the district court to believe it's only a heller s catch 22 if you believe the government's positions and their arguments that section 14.3c doesn't apply to allow what occurred in this case and it very clearly does. I could ask a question about Missouri law just so I make sure I understand. Ms. Mullen was appointed personal representative is that correct? That is correct and is there any dispute that that qualifies as an executor or administrator of an estate? That's never been disputed in this case that's how Missouri law calls it. Thank you I just wanted to confirm that. Sure personal rep is the administrator under Missouri law and so and judge how do you interpret 28 cfr 14.3c I mean what's your interpretation of that the government has given us their interpretation I wasn't absolutely clear from your brief how you parse that statute or I'm sorry that regulation. Judge that you know that regulation is pretty plain on its face and how we parse it and how we view it is that it's simply a case of the ordinary rules of statutory or canons of statutory construction and in this case what we're specifically talking about is the rule of the last antecedent and the disjunctive use of the word or and in this case we have that 14.3c which very plainly plain on its face states if I can find it here that a claim based on death may be presented by the executor or administrator of the decedents to state comma or by any other person legally entitled to assert such a claim in accordance with applicable state law. The modifier at the end of that sentence in accordance with applicable state law if we're going to follow the rule of the last antecedent which the eighth could find of it judge is in the United States versus Lloyd at 886 F 3rd 686 the rule of the last antecedent says simply simply means that when a modifier appears at the end of a sentence it modifies the item directly before it. Now did you cite that canon in your brief at all or not I may have forgotten about it but I don't recall it. No judge we didn't that canon was not discussed in the briefing but certainly Mr. the government raised it in their brief as an issue of statutory construction and I thought it was something that I could add to the oral argument that doesn't doesn't appear in our briefs. I apologize I wish it I wish there was a paragraph on it but it seemed pretty it seems fairly straightforward to me you know and I think I think to the court a court's duty in any case when construing a statute or a regulation is to effectuate the express intent of Congress and in this case of course the the legislative intent of the FTC FTCA was to allow lawsuits against the government for medical malpractice occurring at VA hospitals and other government institutions and so going back to to the rule of the last antecedent it does not modify the entire sentence as the government claims this is not a this is one comma. Under the rule of the last antecedent it modifies the item appearing immediately before it and this is especially true when there's a comma because it's not going to modify the things appearing before the comma. The interpretation is bolstered by the legislative intendment it's also bolstered by the use of the word or in the disjunctive and and so again when it says a claim based on death may be presented by the executor or administrator of the decedent's estate comma or it's presenting two categories two choices this is broadly written to fulfill to to carry out the legislative intent the government's interpretation and what they urge this court to part the way they urge this court to parse that statute is not consistent with that legislative intent. So for that reason we would respectfully request the court apply it in this case as as plain on its face. Unfortunately the government urged the district court to overlook it or overthink it I should say but then the district court seems to have overlooked it because the memorandum and opinion it doesn't raise a section 14.3c anywhere fails to cite it all and and so that was very very shocking in this case it was very shocking because it seems very plain. And to wrap up on my first 10 minutes I know I've reserved five minutes for rebuttal but to wrap up that is what distinguishes this case and is is one of the distinguishing features of this case from Mader and Rollo Carlson. In those cases 14.3c was not followed a proper appointment as a personal rep or a trustee under Minnesota law or under Nebraska law was not followed and not complied with and in either of those cases were the planners properly appointed at the time of the presentment of the claim. That was true in this case in this case compliance with section 14.3c was had at all relevant times and all filings were timely made. So I would like to reserve the rest for rebuttal and I thank the court for its time. Thank you Mr. O'Grady. Mr. Keller we're prepared to hear from you. May it please the court my name is Roger Keller and I represent the United States of America. This case is Rollo versus Mader. The personal representative in this case presented no evidence of her right to represent the wrongful death claimants and the district court's decision should be affirmed based on Rollo and Mader. Mader and Rollo require the person presenting the claim to also present evidence of their right to represent the claimants. Under Missouri law the personal representative has no right to represent the category three beneficiaries or any such right to in a wrongful death claim to herself. That comes out of Missouri Supreme Court Judge Kolb and Sullivan versus Carlisle. Mr. Keller does that argument depend upon a different reading of section 14.3c than what Mr. Grady has presented? Judge it doesn't present with regard to whether or not the PR is executive representative. Mr. Grady fails to look at the beginning of that section which begins if I may a claim based on death may be presented and this court held in Mader and as you recently held in Rollo judge the the right to represent the claimants is a part of proper presentation. She he cannot in in this case demonstrate any evidence of the administrator's right to represent the wrongful death beneficiary claimant because under Sullivan versus Carlisle in the Missouri law the court's clear the executive of an estate has no right to represent the wrongful death beneficiaries. Well if you just focus on the presentment part you focused on maybe presented by but doesn't that just send you back to 14.2 and the claim shall be deemed to be presented when it receives from a claimant or a duly authorized agent or representative which I assume would be Mullen and I don't think there's any dispute that she presented evidence of that authority to present that claim. So why doesn't that issue of presentment just take you back to the immediately preceding regulation and answer the question there? It would your honor it would answer the question there the other and it would exactly what you said it would take you back to Mader and to Rollo in the presentment. No no no not to Rollo and Mayer back to just 14.2 to see what what is presented 14.2 tells you when a claim is presented what is what are the requirements 14.3 is who may do it so we've started with the who and you've challenged the what is a presented and I'm just wondering why that you just don't go back to 14.2 and check off the the required list of requirements there to see if it was actually presented. Well we do judge if you look at page 24 of our brief one of the things we point at is the same issue here is the same issue presented under 14.2 in Rollo and Mader is that the individual making presentment part of presentment is the right to represent the claimants themselves well where is the right to it's to present the claim on behalf of at a on 14.2 right it's and as I recall as I recall Rollo Carlson they didn't have that evidence of the authority whereas here we've got the evidence I think I don't think it's a dispute that there's the evidence of the authority to present the claim on behalf of what they don't judge the difference between this and like Rollo is under Missouri law they don't have the right to represent the claimants and that's the problem that we've presented all along but when you say right to represent the plaintiff what I guess I'm not seeing that in the initial regs 14.2 and 14.3 is sure judge I think that comes under the second part of 14.3c where it says under state law because that's okay that's all right so then so then this then your your argument does ultimately rely on a on a just a divergent um interpretation of 14.3c well 13 14.3c as well as 14.2 that same issue of the ability the person presenting the claim part of proper presentment is the right to represent the claimants and here even we'll concede that she was an administrator but part of proper presentment is an administrator with the right to represent the claimants according to state law the second part of 14.3 is taken almost well I say verbatim is taken from 1346b1 in the statute as to whom the government can be liable what plaintiff would like to do is to allow themselves to present a claim to which they have no interest to which the government couldn't settle thus even if the government chose to settle under Missouri law they would expose themselves to double settlement because as the administrator has no interest in the claim if we paid that claim miss king who does have a beneficial interest in that claim could come along file a second claim and under Missouri law that's who we'd be liable to so so mr ko you're saying in 14.3 subsection c you're saying that being legally entitled to assert a claim you you read assert mean litigate to litigate or to bring the to bring an action in state court so so where do you get where where where do you get that interpretation what why does assert mean litigate or file a claim why isn't it just I have a claim no judge assert an action not a claim I agree I have a claim and under but it says assert it says assert a claim not an action right but the claim the claim in this case does not belong to the administrator who presented it to the agency the claim belongs to the wrongful death beneficiaries and under sullen versus carlisle they've expressed expressly said the estate cannot assert a claim because it does not belong to them as representatives of the beneficiaries because only a plaintiff had light and can do that as sullen points out in 1979 they severed any real life any right to present a claim or bring an action with the general assembly by giving it to the plaintiff at light of so you have no claim with which to assert because that doesn't exist under state law which judge clark correctly found is where you look the individual so if you if you read if you read subsection c like mr o'grady does and just just work with me here on that take it as he does which is that last phrase only is attached to by any other person and you have a is it okay that then is as she exhausted no she still hasn't exhausted because even if that that's the presentment requiring that throws you back to mater and rollo because under those cases part of the presentment element is the right to represent the claimants uh to bring an action state and that's where you get under missouri law to sullivan versus carlisle which says an administrator of the has no right to that action and i understand that but where do you get that language do you do are you finding it like like let's put aside rollo carlos carlson and mater just to the extent that they're different facts when you say you still get to the point about you know the authority to actually file suit where where is that in the regs or the statute that is 26 75 a and says an administrative action shall not be instituted upon a claim unless the claimant shall have first presented the claim and his claim shall have been finally denied that's the problem with this case the administrator in missouri has no claim with which to present either on his own behalf or the behalf of other representatives he cannot present his wrongful death claim because he has no interest in that wrongful death counsel then do you rely again does that fall back into 14.3 c i mean under in accordance with applicable state law in accordance with actual state law judge is actually nothing more than as this court found in mater tracking the statute under 34 1346 b as to whom the government can be liable to the only person that can bring a claim that can present a claim because this court's requirement under mater and rollo as to who uh as to who can present a claim that part of the presentment requirement is that you have the right to represent the claimants that the only under 1346 the only person who can be liable the executive administrator if we can be liable to them under state law as 1346 points out or anyone else to whom we can be liable under so for example in this case we could potentially be liable to miss king as a category three wrongful death beneficiary and she could have presented that plan having exhausted her uh um administrative remedies filed uh filed in action missouri state court and then much like the wasney act which i recognizes massachusetts law but allows for the relation back to the original claim that had been exhausted before the va the problem with plaintiff's argument is they're trying to give the administrator a right which under missouri law she does not possess and they're asking this court to create that right when the missouri supreme court says no as of 1979 the missouri supreme court has already said the administrator uh has no right to a wrongful death claim those category can only be represented by the plaintiff ad litem who cannot be appointed uh except by a court with jurisdiction which judge clark did not have in this case because no one exhausted their administrative claims prior to bringing this claim plaintiff recognizes that the administrator has no right under missouri law because plaintiff uh miss king was gone and sought out after this can move for the appointment of a plaintiff ad litem if the administrator had a claim which they don't they could have uh for wrongful death they could have filed the claim and then presented on their own and moved for the appointment of a plaintiff ad litem but that's exactly what happened in sullivan versus carlap so actually judges there are two methods that that claims could have been brought in this case first of all plank uh king could have filed her claim exhausted her remedies on the wrongful death and file counsel could king uh could king file her claim now with the va judge the statute of uh limitations has gone past king was it's two years you have to file a king a claim king had the miss ismael had died in 2017 and they didn't even uh in march of 2017 uh i believe 2017 and they didn't even locate miss king until october of september of 2019 so the time that come by has already passed what they could have done judge cobbs is they could have brought a lost chance of recovery claim under missouri because that claim does belong to the administrator so she exhausted the lost chance of recovery claim they could have then having exhausted that file a lost chance of recovery claim in the in the court and we could have proceeded on that but they chose not to do that for whatever reason so there was a there was at least two avenues for these this claim to be brought the problem in this case is the wrong plaintiff presented a claim and then the wrong individual the administrator presented a claim and then filed uh or brought in action but the problem is the party that brought the action never filed a claim that's the issue in this case what they're asking this court to do is to give them a claim that doesn't exist in missouri state law that's the problem so the issue then comes back to rollo versus mater which is proper presentation part of presentation under 14.3 c or under 14.2 is required under 2675 is that the party who's presenting the claim must also present at the time the right to represent the claimant under missouri law the administrator of the state does not have any interest in presenting a wrongful death claim and therefore when the administrator presented the claim she lacked the the ability just like in rollo and mater to present that claim now as we've talked about and that's where this case stops nobody with the right to present a claim actually presented a now the difference between this case and rollo is you noted in the rollo case judge kelly that action and um claim were defined the same missouri actually defines action and claim differently that's why king could have presented her claim and then filed an action and then moved for the action she could have filed for the uh presenting her action she then could have filed for the appointment of a plaintiff ad litem that's where the plaintiff ad litem could have been appointed and that avoids judge clark's uh heller s situation so there was an opportunity in two different ways for this claim to be both presented in other words king and the administrator could have presented a claim and king and the administrator could have filed an action uh presented in action when then they could pursue the wrongful death action or the lost chance of recovery action at the same time but that's not what happened here administrator presented a claim that they have no authorial uh to present and miss king brought an action for which she has did not uh exhaust her administrative remedies by presenting a claim therefore if the court has no additional questions i ask this court to affirm judge clark's opinion uh and i have nothing else thank you for your argument um mr o'grady i believe you had reserved some time for rebuttal um yes thank you judge may please the court um the government is still has not provided a valid cogent uh the identity of an of a person who could have presented the claim and you know they say miss king a mr keller claims miss king could have done it i suspect we would have seen a different argument from the government if she had in fact done so she never did of course because of the position the government took back in mater where they argued the exact opposite they said that she could not there's no way she could have because she did no court having jurisdiction of the case could have appointed her and so the air having the status as an heir or someone entitled to some of these proceeds is not the same thing as being a personal rep or being an administrator couldn't i understand the government to argue that she could have presented the claim with the agency am i misunderstanding that is there a reason she couldn't have done that yeah because because no court having jurisdiction of the case would have uh could have appointed her a plaintiff ad litem that's the the government the government would have argued that if miss king had done as the government urges she should have done in this case but of course the government took the opposite position in mater the government said no way because an heir or someone entitled to receive proceeds of a wrongful death claim doesn't have the same that's just because of the identity of that person that person's name is miss king as an individual doesn't mean she's that makes her the same thing as a personal rep or an administrator of an estate so we would just be you know we would just be seeing they want to have it both ways is what they want judge you know what they what they made up for this case and manufactured in this case is that um it's a bizarre it really amounts to a bizarre argument purporting that the government is somehow prohibited from taking responsibility for their conduct and settling the case with a personal representative i've i've never heard you know something so really we're kind of repulsive you know we can't we can't take responsibility for our conduct and try to settle the case with the personal representative well yes you can and here's why because the missouri wrongful death statute very very clearly and very plainly sets up a a procedure for court approval of wrongful death settlements so somebody's got to present the claim somebody has to do it and under missouri you know with with the interplay that goes on with the uh the cfr and the federal statutes and the missouri statute and the federal case law that gives us guidance and teaches us uh how things have gone in the past uh somebody's got to do it and in this case the best person to do it was exactly how it was done and if the government wanted to take responsibility and and settle the case with her there there's no risk she could have easily said that and they they could have easily made it a condition of settlement that she present her authority to speak on behalf of those heirs we all go to court like we do in every wrongful death case that i've ever settled we seek court approval of the of the wrongful death settlement and one of the conditions is that we get the plaintiff ad litem appointed which in this case would have been exactly how it happened it would have been uh miss mullen and and problem solved no risk of double exposure as you know claims again they want to create this problem to try to make it seem like no way there's no way we could do this because we can't settle well that's not true at all the missouri wrongful death act the missouri wrongful death statute solves that problem as i just described they could have made it a condition and to settlement that she can speak for the heirs everybody gets apportioned their percentages of the settlement money and they've just used it to find you know they found this this what they call the catch-22 and convince the district court of and they want to exploit it and that's all that's all this is about is exploiting it mr keller has has used new phrases of right to represent uh right to i don't i really don't know what right he's talking about the right to settle the right to represent i've already i've already responded to all of that here in my rebuttal um these are make-believe problems that aren't realistic 14.3 c is very plain on its face clearly solves this as a matter of fact in the in the district court below i believe my very first paragraph in my responsive brief to the motion to dismiss just set out 14.3 c and i said we really don't why are we going any further um but here we are today and we respectfully ask the court to reverse the district court and allow this case to proceed and uh on behalf of miss mullin and uh miss king i'd like to thank the court for their time for its time well we thank both council for your arguments today and for the briefing on the case we will take the matter under advice